FILED

2012 DEC 27 PM 4:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE LEANN BEASON,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL J. AS TRUE, Commissioner of Social Security,<br><br>          Defendant. | CASE NO. 3:11-CV 1400 WQH (KSC)<br><br>**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 11 & 17.] |

  Plaintiff Stefanie Leann Beason brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of defendant Social Security Administration Commissioner's final decision denying her claim for disability insurance benefits (DIB). This case was referred for a report and recommendation on the parties' cross motions for summary judgment. *See* 28 U.S.C. § 636(b)(1)(B). After considering the moving papers, the administrative record, and the applicable law, the Court **RECOMMENDS** that plaintiff's Motion for Summary Judgment [Doc. No. 11] be **DENIED** and that defendant's Cross Motion for Summary Judgment [Doc. No. 17] be **GRANTED**.

## PROCEDURAL HISTORY

  Plaintiff filed an application for DIB on July 27, 2007, alleging disability due to anxiety and intermittent anorexia due to depression. [Administrative Record (AR) at 102, 110.] Plaintiff alleged the date of onset of her disability was January 31, 2007. [AR at 19.] Defendant denied plaintiff's application for benefits at both the initial and reconsideration levels. [AR at 102-105, 110-114.]

Administrative Law Judge (ALJ) Eve B. Godfrey held a hearing on June 16, 2009. [AR at 14-16.] Plaintiff, vocational expert Robin Scherr, and medical expert Dr. Sydney Boulder attended the hearing. [AR at 32.] Plaintiff was required to show that she became disabled between January 31, 2007 and March 31, 2009, the date last insured.[1] Based on the testimony and documentary evidence, on August 19, 2009, the ALJ issued a decision denying plaintiff's Application for benefits. [AR at 14-16.] Plaintiff filed an administrative appeal, but the Appeals Council declined to review the ALJ's decision. [AR at 1-3.] Accordingly, plaintiff filed this action under 42 U.S.C. § 405(g).

## RELEVANT FACTS

### Background

Plaintiff was born on December 2, 1979. [AR at 157.] She has a high school education and is able to communicate in English. [AR at 30.] Plaintiff has experience working as a nanny, project coordinator, accounting manager, bank teller, cosmetologist, and, most recently, as a realtor. [AR at 176.] She asserts that she has been unable to work since the onset of her ongoing issues with anxiety and depression. [AR at 191.] She further reports that her mental health symptoms have been exacerbated by ongoing, undiagnosed abdominal pain as well as neck and back pain resulting from multiple auto accidents. [AR at 51-57.]

### Medical Evidence

**A. January 2007 to March 2009: Nita Paintal, M.D., Joyce Ildesa, M.D., Jane Chin, M.D., Saleem, Ishaque, M.D., Jane Chin, M.D., Carmelito Barros, M.D., Majid Naficy, M.D., Kedarnath Challakere, M.D., Treating Physicians**

Throughout her claimed disability period, plaintiff was treated by various physicians for numerous mental health issues including: anxiety, panic attacks, attention deficit disorder, attention deficit hyperactivity disorder, obsessive compulsive disorder, personality disorder, and anorexia. [AR at 402, 413, 445, 465, 524.] Her treatments primarily focused on maintenance of her medications which include Ativan, Abilify, Effexor, Cymbalta, Celexa, Restirol, Zoloft, Lexapro, and Klonipin. *Id.* Only one of the above-referenced physicians actually conducted a Mental Status Exam. [AR at 71.]

///

---

[1] Pursuant to 20 C.F.R. § 404.131, a claimant qualifies for DIB if he or she has disability insured status when he or she becomes disabled. The parties agree plaintiff's last insured date was March 31, 2009.

B.   **Treating Physicians (January 2007 to March 2009): John Lewis, M.D., A.V. Jerian, D.C., Nianjun (Sally) Tang, M.D., Godwin Maduka, M.D., Daniel Fabito M.D., Lucius Blanchard, M.D., Shannon Cheffet, Donald Adema, M.D.**

Plaintiff was treated by various physicians for back, neck, and abdominal pain. [AR at 340, 357, 364.] The back and neck pain primarily stems from three car accidents which resulted in spinal damage. [AR at 41,42, 52 484, 493.] To address plaintiff's neck/back ailments, various treatments were administered including medication, steroid injections, and chiropractic therapy. [AR at 483,484.] The abdominal pain remains undiagnosed and has primarily been treated with medication. [AR at 54, 56.]

C.   **Sydney Bolter, M.D., Medical Expert**

At the request of the ALJ, Dr. Bolter testified at plaintiff's administrative hearing. [AR at 34.] Having been engaged to testify as an "expert medical witness" and informed that his primary role was to provide "clarification or interpretation of the medical evidence of record," Dr. Bolter reviewed all of plaintiff's medical records prior to the hearing. [AR at 148.] Dr. Bolter was made aware that he might be called upon to provide expert testimony as to (1) the validity of the diagnoses or prognoses reflected in the evidence; (2) the degree of the claimint's dysfunction as of the period to be considered, and (3) a medical assessment of the claimant's physical and/or mental capacity. *Id.* Dr. Bolter testified that plaintiff "had a severe impairment of depression" and, as a result, "moderate limitations in activities of daily living, marked limitations in maintaining social functioning, and marked difficulties in maintaining concentration." [AR at 27,28.] In his expert medical opinion, plaintiff met the criteria for Listing 12.04 and qualified as disabled. [AR at 28.]

D.   **H.M. Skopec, M.D., State Psychiactric Consultant**

Dr. Skopec reviewed plaintiff's file and determined that she "had mild limitations in activities of daily living, moderate limitations in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace." [AR at 27.] Dr. Skopec concluded that plaintiff did not qualify as disabled and would be able to "sustain simple repetitive tasks," but would likely be unable to "work with the public." [AR at 444.]

E.   **G.D. Taylor-Holmes, M.D., State Consultant**

Dr. Taylor-Holmes reviewed the medical record and "affirmed Disability Determination

Services determination" of a "non-severe physical impairment." [AR at 27, 428.]

F.   **George N. Lockie, M.D., State Consultant**

Dr. Lockie reviewed the medical record and affirmed that plaintiff "could perform non-public work." [AR at 27, 457.]

## ALJ HEARING AND DECISION

**Plaintiff's Testimony**

At the hearing, plaintiff stated she could not work due to ongoing mental health issues as well as severe stomach, back, and neck pain. [AR at 51-61.] Citing major depression and anxiety, she contends she is "unable to work even a simple job." [AR at 61.] Further, plaintiff testified that as a result of three car accidents, she has a fear of driving or riding in traffic. [AR at 51-52, 62.] Lastly, plaintiff reported that she often can't get out of bed, and is suicidal, sad, exhausted, confused, and frustrated at all times. [AR at 61.]

Regarding her home life, plaintiff lives with her husband, daughter, and stepdaughter at her mother's home. [AR at 64-66.] She stated that her husband changed jobs to help care for her, and her mother retired to assist as well. *Id.* She indicated that she depends on her husband and mother for almost everything. [AR at 244.]

Regarding her health care plan and regiment of medication, plaintiff testified to taking a variety of medications daily to address her emotional and physical issues. Those medications include Effexor, Abilify, Ativan, Ventral, Vicodin, Phenergan, Zogran, Reglan, Konopin, Adderall as well as numerous non-prescription medications. [AR at 45-46, 49-50.] Further, plaintiff spends most of her days "scheduling and going to doctors appointments" and "on the phone with the crisis line." [AR at 68.]

**The Written Decision**

The ALJ issued a written opinion denying plaintiff's claim for benefits. [AR at 17-31.] First, she concluded plaintiff had not engaged in substantial gainful activity from January 31, 2007 through March 31, 2009 (the date last insured). [AR at 19.] Further, the ALJ found plaintiff suffered from depression, a history of eating disorders, anxiety, a history of attention deficit hyperactivity disorder, and personality disorder, all which qualified as a "severe" impairment as defined in the Regulations. [AR at 19.] However, plaintiff was found to have no impairment, or combination thereof, that met or

1 equaled an impairment listed under 20 C.F.R. §§ 404.1525, 404.1526. [AR at 20.]

2 Further, the ALJ found plaintiff's assertion that she was unable to work "due to depression; history of eating disorder; anxiety; history of attention deficit hyperactivity disorder; and personality disorder" was not supported by the record which "does not contain evidence which shows that the claiminat is functionally unable to work." [AR at 23.] Notably, the ALJ found plaintiff's "description of the severity of the pain [] so extreme as to appear implausible." [AR at 26.] In addition, the ALJ found plaintiff's "testimony of disabling impairments [] contradicted by the record that showed that she was in good health and not under the care of a doctor" during a period of this claim. [AR at 26.] The ALJ stated clear and convincing reasons for rejecting Plaintiff's claims:

> First, most recent Mental Status Exams from treating facility show no abnormalities indicating a disabling condition. Second, Dr. Skopec, on September 14, 2007, indicated that the Plaintiff could perform simple repetitive tasks. Third, Dr. Lockie on December 19, 2007, indicated that the Plaintiff could perform unskilled non-public work.

[AR at 26-27.]

Lastly, the ALJ concluded that considering plaintiff's age, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the plaintiff could perform. [AR at 30.] While plaintiff could not perform her past relevant work, she had a residual functional capacity for unskilled, non-public, sedentary work. [AR at 29, 88.] Thus, plaintiff was "not disabled" under the Social Security Act at any time between January 31, 2007 and March 31, 2009, the date last insured. [AR at 31.]

## LEGAL STANDARDS

### Evaluating Social Security Disability Claims

To qualify for disability benefits under the SSA, an applicant must show that he or she is unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment that has lasted or can be expected to last at least 12 months or cause death. 42 U.S.C. §423(d). The Social Security regulations establish a five-step evaluation for determining whether an applicant is disabled under this standard. 20 C.F.R. § 404.1520(a); *Batson v. Comm'r of the Social Security Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004).

First, the ALJ must determine whether the applicant is engaged in substantial gainful activity.

20 C.F.R. § 404.1520(a)(4)(I). If not, then the ALJ must determine whether the applicant is suffering from a "severe" impairment within the meaning of the regulations. 20 C.F.R. § 404.1520(a)(4)(ii). If the impairment is severe, the ALJ must then determine whether it meets or equals one of the "Listing of Impairments" in the Social Security regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the applicant's impairment meets or equals a Listing, he or she must be found disabled. *Id.* If the impairment does not meet or equal a Listing, the ALJ must then determine whether the applicant retains the residual functional capacity to perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the applicant cannot perform past relevant work, the ALJ–at step five–must consider whether the applicant can perform any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

While the applicant carries the burden of proving eligibility at steps one through four, the burden at step five rests on the agency. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). Applicants not disqualified at step five are eligible for disability benefits. *Id.*

**Substantial Evidence**

The SSA provides for judicial review of a final agency decision denying a claim for disability benefits. 42 U.S.C. § 405(g). A reviewing court must affirm the denial of benefits if the agency's decision is supported by substantial evidence and applies the correct legal standards. *Id., Batson*, 359 F.3d at 1193. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). When the evidence is susceptible to more than one reasonable interpretation, an agency's otherwise reasonable decision must be upheld. *Batson*, 259 F.3d at 1193. Where, as here, the Appeals Council denies a request for review, the ALJ's decision becomes the final agency decision that the court reviews. *Id.* at 1193 n.1.

### DISCUSSION

Plaintiff argues that the ALJ's findings that her emotional and physical injuries are not disabling are unsupported by substantial evidence. In reviewing the administrative record, the Court must weigh both the evidence that supports and detracts from the administrative ruling, and if there is evidence in the record to support the ALJ's conclusion, and the ALJ applied the correct legal standards, this Court must affirm the ALJ's decision. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

1999). It is not this Court's job to re-interpret or re-evaluate the evidence, however much a re-evaluation may reasonably result in a favorable outcome for plaintiff. *See Batson*, 359 F.3d at 1193 (where evidence is susceptible to more than one reasonable interpretation, the agency's decision must be upheld).

Plaintiff argues that the ALJ improperly rejected the expert medical testimony of Dr. Sidney Bolter who found that plaintiff falls under the Listing. 20 C.F.R., Part 404, Subpart P, Appendix 1 § 12.04. Plaintiff further asserts that the ALJ improperly failed to consider aspects of Dr. Bolter's opinion which were favorable to plaintiff, and in so doing, failed to articulate a legally sufficient rationale for dismissing her disability claim. The Court disagrees.

Plaintiff disregards the ALJ's clearly-stated weight of consideration given to Dr. Bolter's testimony, as well as that given to plaintiff's testimony, the reports of other medical experts, and the entire medical record. [AR at 28-31.] With regard to Dr. Bolter's testimony, the ALJ accepted the testimony "as it relates to the claimant's severe impairments," but gave other "opinions regarding the claimant's limitations more weight because they were consistent with the claimant's course of treatment and findings made upon examination." [AR at 28.] Specifically, the ALJ gave great weight to the reports provided by Dr. Skopec "because they were based on a thorough review of the evidence and familiarity with Social Security Rules and Regulations and legal standards set forth therein." [AR at 27.] The ALJ also pointed out that two other experts, Dr. Taylor-Holmes and Dr. Lockie, both affirmed the finding that the claimant could perform unskilled non-public work. *Id*. The ALJ assigned "great weight to these opinions as they [were] supported by the medical evidence of record that [found] that the claimant had a non-severe physical impairment and moderate mental impairments." *Id.*

Further, plaintiff argues that in the absence of listing-testimony from a treating physician, the testimony of Dr. Bolter must be treated as such and given the same weight. Plaintiff's argument lacks merit. The treating physician's opinion is not binding on the ALJ if it is unsupported by the record as a whole. *Batson*, 359 F.3d at 1195. Here, the ALJ found that Dr. Bolter's assertions were inconsistent with the record as a whole and thus considered them appropriately. [AR at 28.]

Although the record is clear that plaintiff could not return to her previous work as the "demands of the claimant's past relevant work exceed the residual functional capacity," all of the

1  expert opinions stated plaintiff was capable of unskilled, non-public work. Dr. Bolter, as the testifying
2  medical expert, did assert that the Plaintiff met the "criteria for Listing 12.04 set forth in the Listing
3  of Impairments in Appendix 1 to Subpart P of Regulations No. 4." [AR at 28.] However, the ALJ
4  found this assertion less than credible due to Dr. Bolter's "inability to specify the evidence to justify
5  his opinion." *Id.*

6        In rendering an opinion, the ALJ provided specific and legitimate reasons for the weight given
7  to Dr. Bolter's testimony and that of the other opinion experts. Additionally, the ALJ's discussion of
8  the entire record, including reasons plaintiff states support her position, reflects that the ALJ did
9  consider the record as a whole. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (in
10 determining existence of substantial evidence a reviewing court must consider both evidence that
11 supports and detracts from ALJ's conclusion). Accordingly, the Court finds that the ALJ provided
12 clear and convincing reasons for the weight given to Dr. Bolter's testimony, the expert opinions,
13 plaintiff's testimony, and the submitted medical evidence in finding that plaintiff was under no
14 disability as defined in the Social Security Act, at any time from January 31, 2007, the alleged onset
15 date, through March 31, 2009, the date last insured. Evidence in the record supports the ALJ's
16 decision and the Court will not second-guess that decision. *See Thomas*, 278 F.3d at 604.

## CONCLUSION

18       Based on the preceding discussion, this Court concludes that the ALJ's denial of benefits was
19 supported by substantial evidence and was free of legal error. Therefore, the Court **RECOMMENDS**
20 that plaintiff's Motion for Summary Judgment [Doc. No. 11] be **DENIED** and that defendant's Cross
21 Motion for Summary Judgment [Doc. No. 17] be **GRANTED**.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **_February 1, 2013_**. The document should be captioned "Objections to Report and Recommendation." Any response to the objections shall be filed and served on or before **_February 15, 2013_**. Failure to file objections within the specified time may affect the scope of review on appeal. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: December 27, 2012

KAREN S. CRAWFORD
United States Magistrate Judge