# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE LEANN BEASON,<br><br>                        Plaintiff,<br>  vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                        Defendant. | CASE NO. 11cv1400-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 20) issued by United States Magistrate Judge Karen S. Crawford, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied and Defendant's Cross-Motion for Summary Judgment (ECF No. 17) be granted.

## BACKGROUND

On July 27, 2007, Plaintiff filed an application for disability insurance benefits, alleging disability due to anxiety and intermittent anorexia due to depression. The application was denied initially and on reconsideration.

On June 16, 2009, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Medical expert Dr. Sidney Bolter attended the hearing and testified that he reviewed Plaintiff's medical records. (Admin. R. at 69, ECF No. 8). Dr. Bolter testified that it was his opinion that Plaintiff had "depression NOS [i.e., not otherwise specified]" and met Listing § 12.04.[1] *Id.* at 81.

---

[1] *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04.

1  On August 19, 2009, the ALJ issued a written decision denying Plaintiff's application for benefits. *Id*. at 17-31. The ALJ reviewed the evidence in the record, including the testimony of Plaintiff, Dr. Bolter and the vocational expert. With respect to the testimony of Dr. Bolter, the ALJ stated:

> The medical expert, Sidney Bolter, M.D., Board Certified in Psychiatry and Neurology, testified that he had reviewed the entire medical file as outlined above. He gave a detailed longitudinal summary of the claimant's medical history. Based on those records, it was his opinion that the claimant had a severe impairment of depression, not otherwise specified, and borderline traits. He noted that he did not believe the claimant had a diagnosis of attention deficit hyperactivity disorder.... Dr. Bolter testified that the claimant's complaints that none of her medications ever worked was typical for her personality disorder. He noted that the file lacked a good MSE [i.e., mental status exam] except for the examination performed by Dr. Naficy. He further testified that he did not see any testing for memory in the record and he could therefore not give a complete assessment of the claimant's memory based on the MSEs in the record. Dr. Bolter said that the number of medications that the claimant was taking would interfere with her memory.... Dr. Bolter testified it was his expert medical opinion that the claimant met the criteria for Listing 12.04 set forth in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4. In addition to the entire file, the medical expert based his opinion on Exhibits 12F/6; 23F; and 23F/26-28.
>
> The undersigned accepts the testimony of the medical expert as it relates to the claimant's severe impairments. However, the undersigned has given other opinions regarding the claimant's limitations more weight because they were consistent with the claimant's course of treatment and the findings made upon examination. In addition, the medical expert was unable to specify the evidence to justify his opinion that the claimant had marked limitations in maintaining social functioning and marked limitation in ability to maintain concentration and attention, persistence and pace, and in fact noted that he could not give a complete assessment of the claimant's memory based on the MSEs in the record. Dr. Bolter based his opinion regarding memory on the effect that the claimant's medications had on her memory. However, the record showed that the claimant consistently denied any adverse side effects from her medications.

*Id*. at 27-28. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of Defendant. *Id*. at 1.

On June 24, 2011, Plaintiff filed a Complaint in this Court seeking judicial review of the Defendant's decision. (ECF No. 1).

On April 30, 2012, Plaintiff filed the Motion for Summary Judgment. (ECF No. 11). Plaintiff contends that the ALJ improperly rejected the medical expert testimony of Dr. Bolter, who stated that Plaintiff met Listing § 12.04. (ECF No. 11-1 at 6-10).

On July 5, 2012, Defendant filed the Cross-Motion for Summary Judgment. (ECF No.

17). Defendant contends that the ALJ properly evaluated the opinion of Dr. Bolter. (ECF No. 17 at 3-7).

On December 27, 2012, the Magistrate Judge issued the Report and Recommendation. (ECF No. 20). The Magistrate Judge reviewed the medical evidence, the Plaintiff's testimony and the written decision of the ALJ. The Magistrate Judge stated:

> [T]he ALJ provided specific and legitimate reasons for the weight given to Dr. Bolter's testimony and that of the other opinion experts. Additionally, the ALJ's discussion of the entire record, including reasons plaintiff states support her position, reflects that the ALJ did consider the record as a whole. Accordingly, the Court finds that the ALJ provided clear and convincing reasons for the weight given to Dr. Bolter's testimony, the expert opinions, plaintiff's testimony, and the submitted medical evidence in finding that plaintiff was under no disability as defined in the Social Security Act, at any time from January 31, 2007, the alleged onset date, through March 31, 2009, the date last insured. Evidence in the record supports the ALJ's decision and the Court will not second-guess that decision.

*Id.* at 8 (citations omitted).

On February 1, 2013, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 21). Plaintiff stated:

> The report and recommendation finds support in [the] ALJ's rejection of Dr. Bolter by citing to the opinions of three non-examining state consultants because they were based on a thorough review of the evidence. That is incorrect. During the June 2009 administrative hearing [the] ALJ ... admitted into evidence medical records up to Exhibit 24F. The nonexamining opinions on which the ALJ relies and the report and recommendation affirms are dated September 13, 2007, September 14, 2007, and December 19, 2007. The non-examining opinions were assigned the exhibit numbers of 8F (Dr. Taylor-Holmes), 9F to 11F (Dr. Skopec) and 13F (Dr. Lockie).
>
> Therefore, at the time of the hearing the three non-examining physicians could not have reviewed the complete record because at the latest, the last file review occurred eleven exhibits short of a full record. The only physician who had the benefit to review the whole record was the person the ALJ specifically solicited an opinion to do so, Dr. Bolter. The fact that as a medical expert Dr. Bolter was the only physician to have the opportunity to review the complete record, and hear the testimony of [Plaintiff], is dispositive.

*Id.* at 5 (citations omitted).

## STANDARD OF REVIEW

*District Court Review of a Report and Recommendation*

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).

1  The district court must "make a de novo determination of those portions of the report ... to
2  which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
3  or recommendations made by the magistrate." 28 U.S.C. § 636(b).

*Review of Denial of a Disability Claim*

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g). Where, as in this case, "the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981). A reviewing court will reverse the ALJ's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation omitted). "If the record would support more than one rational interpretation, we defer to the ALJ's decision." *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

DISCUSSION

Plaintiff's sole objection to the Report and Recommendation relates to the ALJ's decision not to accept the opinion of the medical expert, Dr. Bolter, that Plaintiff met Listing § 12.04. Plaintiff cites no authority stating that the opinion of a medical expert, who has neither treated nor examined the Plaintiff, "is dispositive." (ECF No. 21 at 5). The applicable regulations require the ALJ to "consider" the opinion of the medical expert. 20 C.F.R. § 404.1527(e)(2). During the hearing and in the written decision, the ALJ adequately considered Dr. Bolter's opinion. (Admin. R. at 68-87 (testimony of Dr. Bolter), 27-29 (written decision), ECF No. 8) In the ALJ's written decision, the ALJ addressed and considered the exhibits relied upon by Dr. Bolter, including those exhibits which were produced after the review by the three non-examining medical consultants referenced by Plaintiff in her objections, Dr. G.D. Taylor-Holmes, Dr. H.M. Skopec and Dr. George N. Lockie. *See id.* at 24-26. In declining

1  to adopt Dr. Bolter's opinion that Plaintiff met Listing § 12.04, the ALJ relied upon exhibits
2  produced both before and after the review of the non-examining medical consultants. *See id.*
3  at 22-29. The Court finds that the ALJ did not commit legal error in declining to adopt Dr.
4  Bolter's opinion that Plaintiff met Listing § 12.04.

5  After reviewing de novo those portions of the Report and Recommendation to which
6  Plaintiff objected, and after reviewing the ALJ's decision and the Administrative Record, the
7  Court finds that the Magistrate Judge correctly evaluated the facts and correctly applied the
8  controlling law in this case. The Court concludes that the ALJ's decision is supported by
9  substantial evidence and is free from legal error.

## CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 20) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 17) is GRANTED. The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

DATED: March 5, 2013

**WILLIAM Q. HAYES**
United States District Judge